Douglas R. Weider, Esq. (DRW 5396)
**GREENBERG TRAURIG LLP**
200 Park Ave.
Florham Park, New Jersey 07932
(973) 360-7900
(973) 301-8410 (Fax)

*Of Counsel:*
Daniel A. Ladow, Esq.
Albert L. Jacobs, Esq.
**GREENBERG TRAURIG LLP**
MetLife Building
200 Park Avenue
New York, New York 10166
(212) 801-2100

Attorneys for Plaintiff
*Cybersettle, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CYBERSETTLE, INC., | Civil Action No. 04-CV-4744 (MLC) |
| Plaintiff, | |
| v. | **ORDER FOR PERMANENT INJUNCTION** |
| NATIONAL ARBITRATION FORUM, INC., | |
| Defendant. | |

**THIS MATTER** having come before the Court, pursuant to Fed. R. Civ. P. 56, for entry of an Order granting plaintiff Cybersettle's motion for summary judgment that defendant National Arbitration Forum, Inc.'s ("NAF") Automated Negotiation System ("ANS"), specifically two versions of the ANS, one called ANS 3 and the other called ANS 1X, literally infringes claims 1, 2, 3, 6, and 27 of U.S. Patent No. 6,330,551 ("the '551 patent") as a matter of law and granting permanent injunctive relief enjoining defendant from operating, making, using, offering to sell, selling, importing or exporting any automated dispute resolution system or process that

2

infringes, induces others to infringe, or contributes to the infringement of the above claims of the '551 patent;

defendant, having received due notice and having had the opportunity to be heard;

the Court having considered the positions of the parties, and good cause having been shown; and

plaintiff's motion for summary judgment on infringement having been granted, defendant's cross-motion for summary judgment for non-infringement having been denied, and judgment having been entered in favor of plaintiff and against defendant as to plaintiff's infringement claim, all pursuant to the Court's Order & Judgment and Memorandum Opinion, the Court having decided to permanently enjoin defendant from infringing the '551 Patent;

and the Court having heard the parties regarding the form of the within Order; and for the reasons further stated on the record on December 6, 2006; and good cause appearing;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. Defendant, together with its subsidiaries, affiliated companies, successors, assigns, officers, directors, agents, servants, representatives, employees, attorneys and all others in concert or participation with them who receive notice hereof, are hereby immediately and permanently restrained and enjoined, pursuant to 35 U.S.C. § 283 and Fed. R. Cir. P. 65(d), from operating, making, using, offering to sell, selling, importing or exporting any automated dispute resolution system or process that infringes, induces others to infringe, or contributes to the infringement of claims 1, 2, 3, 6, and 27 of U.S. Patent No. 6,330,551 and are enjoined from causing any of these acts to occur.

NY 238219383v3

3

2. Defendant shall forthwith provide written notice of the injunction ordered herein, to: its subsidiaries, affiliated companies, successors, assigns, officers, directors, agents, servants, representatives, employees, attorneys, and all others in concert or participation with them. Defendant shall take whatever means are necessary or appropriate to ensure that this order is properly complied with.

3. This Court retains jurisdiction to enforce any and all aspects of this Order.

So **ORDERED** this 8th day of December, 2006

*Mary L. Cooper*
HONORABLE Mary L. Cooper
United States District Judge